UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE FIFTH STREET FINANCE CORP. ) Lead Case No. 3:15-cv-01795-RNC
SHAREHOLDER DERIVATIVE )
LITIGATION ) (Consolidated with No. 3:15-cv-01889)
 )
 )
**This Document Relates To:** )
 )
 **All Actions** )
 )

### ORDER PRELIMINARILY APPROVING SETTLEMENT, DIRECTING NOTICE TO SECURITIES HOLDERS, AND SETTING HEARING FOR FINAL APPROVAL OF SETTLEMENT

WHEREAS, the Federal Plaintiffs[1] in the above captioned Federal Action, the nominal defendant Fifth Street Finance Corp. ("FSC") and the Derivative Defendants have reached a proposed Settlement of all claims that have been, could have been or could be alleged in the Federal Action; and

WHEREAS, the Connecticut State Plaintiffs and the Delaware State Plaintiffs are also parties to the proposed Settlement and have settled all claims that have been, could have been or could be alleged in the related Connecticut State Action and Delaware State Action; and

WHEREAS, the Federal Plaintiffs filed an application for preliminary approval of the proposed Settlement and have attached to their application the July 26, 2016 Stipulation of Settlement and Exhibits, which consist of (*i*) a proposed order preliminarily approving the proposed Settlement, directing notice of the proposed Settlement to Securities Holders and setting a hearing for approval of the proposed Settlement (Exhibit A), (*ii*) a proposed notice to be published regarding the proposed Settlement (Exhibit B), (*iii*) a proposed order granting approval

---

[1] To the extent capitalized terms are not defined in this Order, this Court adopts and incorporates the definitions set out in the Settlement Agreement.

of the proposed Settlement (Exhibit C), (*iv*) a proposed judgment (Exhibit D), (*v*) Governance Enhancements to which the Settling Parties have agreed (Exhibit E), (*vi*) Fee Enhancements to which the Settling Parties have agreed (Exhibit F) and (*vii*) a Confidentiality Agreement to which the Settling Parties have agreed (Exhibit G) (the Stipulation of Settlement and its Exhibits shall collectively be referred to as the "Settlement Agreement"); and

WHEREAS, the Court has read and considered the Settlement Agreement and the Federal Settling Parties' submissions; and

WHEREAS, based on the above materials and submissions, the Court finds that the proposed Settlement is within the range of possible approval and that notifying Securities Holders about the terms and conditions of the proposed Settlement and scheduling a hearing for approval of the proposed Settlement are warranted;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. ***Preliminary Findings on Proposed Settlement*** – The Court finds that the proposed Settlement as evidenced by the Settlement Agreement is within the range of possible approval and that notifying Securities Holders about the terms and conditions of the proposed Settlement and scheduling a Fairness Hearing to consider approval of the proposed Settlement are warranted.  Accordingly, the Court hereby preliminarily approves the proposed Settlement as fair, reasonable and adequate, subject to further consideration at the Fairness Hearing described below.

2. ***Scheduling of Fairness Hearing*** – A Fairness Hearing will be held on December 13, 2016, at 2:00 p.m. EST, before Judge Robert N. Chatigny, United States District Judge, at the United States District Court for the District of Connecticut, Abraham

Ribicoff Federal Building, 450 Main Street, Room 228, Hartford, Connecticut 06103, to, among other things, determine whether (*i*) the proposed Settlement, on the terms and conditions provided for in the Settlement Agreement, is fair, reasonable and adequate and in the best interests of FSC and its shareholders and should be approved by the Court and (*ii*) the proposed Approval Order and the proposed Judgment, forms of which are attached in their entirety as Exhibits C and D, respectively, to the Settlement Agreement should be entered, the claims made by the Federal Defendants dismissed with prejudice and the claims against Releasees fully and finally discharged.

3.   ***Review of the Settlement Agreement*** – The Court may approve the Settlement Agreement (with or without any modifications executed by the Settling Parties) and enter the proposed Approval Order at or after the Fairness Hearing or any adjournment of the Fairness Hearing and dismiss the claims asserted against the Federal Defendants on the merits and with prejudice with or without further notice to any persons or entities other than the Federal Settling Parties.

4.   ***Notice*** – No later than October 3, 2016, the Settling Parties shall cause notice of the terms of the proposed Settlement and the schedule for the Fairness Hearing substantially in the form filed with the Court as Exhibit B to the Settlement Agreement to be published on two occasions in *The Wall Street Journal*, *Investor's Business Daily*, as well as on wire services. FSC shall also cause the Notice to be filed with the United States Securities and Exchange Commission as an attachment to a Form 8-K and shall cause the Notice and the Settlement Agreement to be published through a link located on the Investor Relations page of its website.

5.   ***Notice Costs*** – FSC will pay or cause to be paid all costs for providing Notice of this Settlement as described in paragraph 4 of this Order.

3

6. *Notice Findings* – The Court finds that the form and method of notice specified in the Settlement Agreement and set out in paragraph 4 of this Order (*i*) satisfy the requirements of the Federal Rules of Civil Procedure, the Rules of this Court and due-process principles, (*ii*) sufficiently inform all relevant persons and entities about the Settlement Agreement, the pendency of the Federal Action and related litigation (including the Delaware State Action and the Connecticut State Action), the Fairness Hearing and their ability to object to the Settlement and (*iii*) are reasonable and constitute due, adequate and sufficient notice to all persons entitled to notice.

7. *Proof of Notice* – FSC, at or before the Fairness Hearing, shall cause proof of notice as set out in paragraph 4 of this Order to be filed with the Court.

8. *Company Communications with Securities Holders* – FSC and FSAM maintain the right to communicate orally and in writing with their shareholders. To the extent any such communications relate to the Derivative Actions or the proposed Settlement, such communications shall be limited to the following: (*i*) communications between shareholders and representatives of the Releasees whose responsibilities include investor relations, (*ii*) communications as may be necessary to implement the terms of this Settlement Agreement and (*iii*) such communications as may be made in the conduct of Releasees' business, including complying with any applicable NASDAQ requirements.

9. *Preliminary Injunction* – Pending determination by the Court whether the Settlement Agreement should be approved and subject to the reservations set out in Section VI.A.5 of the Settlement Agreement, this Court preliminarily bars and enjoins

   a. Derivative Plaintiffs, all other Securities Holders, FSC (whether acting on its own behalf or by and through its shareholders, or any of them), or any of their respective

heirs, executors, administrators, trustees, predecessors, successors, Affiliates, representatives and assigns, and anyone else purporting to act on behalf of or derivatively for any of the above, from filing, commencing, prosecuting, intervening in, participating in, or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (as well as a motion or complaint in intervention in any of the Derivative Actions if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, as to the Releasees based on or relating in any way to the Released Securities Holder/Company Claims, including the claims and causes of action, or the facts and circumstances relating thereto, in the Derivative Actions; and

    b.  Derivative Defendants, and anyone else purporting to act on behalf of, for the benefit of, or derivatively for any of such persons or entities, from commencing, prosecuting, intervening in, or participating in any claims or causes of action relating to the Derivative Defendants' Mutually Released Claims.

  10.  *Access to Factual Information* – Securities Holders (and their counsel) who agree to be bound by the Confidentiality Agreement (Exhibit G to the Settlement Agreement) will be provided access to the documents to which Derivative Plaintiffs and Derivative Plaintiffs' Counsel had access (including the Additional Information) for the sole purpose of assessing the proposed Settlement. Such materials will be made available (at the Securities Holder's own expense and subject to the terms of the Confidentiality Agreement) for inspection as set out in the Confidentiality Agreement for a period of no more than thirty (30) days from the date on which a request for access is made and, in any event, no later than October 26, 2016. The

Confidentiality Agreement is hereby incorporated into this Order and any breach of the Confidentiality Agreement shall be deemed a breach of a court order.

11. *Objections* – Securities Holders who wish to object to the fairness, reasonableness or adequacy of the Settlement Agreement or to any term(s) of the Settlement Agreement must both serve on Derivative Plaintiffs' Counsel and Derivative Defendants' Counsel (as set out below) and file with the Court a statement of objection, which must be received by no later than __November 29__, 2016. The Securities Holder may object on his, her or its own, or through counsel hired at his, her or its own expense. The Securities Holder's statement of objection should set out the specific reasons, if any, for each objection, including any legal support the Securities Holder wishes to bring to the Court's attention and any evidence the Securities Holder wishes to introduce in support of such objections. The statement of objection must include the caption of the Federal Action (as set out above) and the following information: (*i*) the Securities Holder's name, address, telephone number, e-mail address (if available), (*ii*) if the objection is made by the Securities Holder's counsel, the counsel's name, address, telephone number and e-mail address and (*iii*) evidence that the individual or entity making the objection (of on whose behalf the objection is being made) is and has been a Securities Holder at all relevant times.

12. Any attorney hired by a Securities Holder for the purpose of objecting pursuant to paragraph 11 must both serve on Derivative Plaintiffs' Counsel and Derivative Defendants' Counsel (as set out below) and file with the Court a notice of appearance, which must be received by no later than __November 29__, 2016.

13. Attendance at the Fairness Hearing is not necessary. However, any Securities Holder who files and serves a timely written objection pursuant to paragraph 11 – and only such

Securities Holders – may appear at the Fairness Hearing either in person or through personal counsel retained at his, her or its own expense. Such Securities Holders or their counsel who intend to make an appearance at the Fairness Hearing must serve on Derivative Plaintiffs' Counsel and Derivative Defendants' Counsel (as set out below) and file with the Court a notice of intention to appear, which must be received by no later than __November 29__, 2016.

14. Any Securities Holder that fails to comply with the requirements of paragraphs 11 through 13 of this Order shall waive and forfeit any and all rights he, she or it may have to object and/or to appear separately at the Fairness Hearing. Securities Holders do not need to appear at the hearing or take any other action to indicate their approval of the Settlement Agreement.

15. Any Securities Holder who submits an objection to the Settlement Agreement shall be deemed to consent to the exclusive jurisdiction of this Court with respect to such objection and all issues that arise or relate to such objection, including any order issued or findings made by the Court regarding the objection.

16. *Filing and Service of Submissions* – Any Securities Holder wishing to make a submission pursuant to paragraphs 11 through 13 of this Order must serve such submission on Derivative Plaintiffs' Counsel and Derivative Defendants' Counsel and file it with the Court as follows:

    a. the submission must be filed with the Clerk of Court for the United States District Court for the District of Connecticut, Abraham Ribicoff Federal Building, 450 Main Street, Hartford, CT 06103, and

    b. the submission must be served by facsimile email and/or next-day (excluding Saturday or Sunday) express delivery service upon each of the following counsel:

*Counsel for Federal Plaintiffs:*

>Brian J. Robbins
>Craig W. Smith
>Robbins Arroyo LLP
>600 B Street, Suite 1900
>San Diego, CA  92101
>Tel:  619-525-3990
>Fax:  619-525-3991
>brobbins@robbinsarroyo.com
>CSmith@robbinsarroyo.com

*Counsel for FSC and Federal Defendants:*

>Allen W. Burton
>Ross B. Galin
>O'Melveny & Myers LLP
>Times Square Tower
>7 Times Square
>New York, New York  10036
>(212) 326-2000
>aburton@omm.com
>rgalin@omm.com

>Ralph C. Ferrara
>Ann M. Ashton
>Proskauer Rose LLP
>1001 Pennsylvania Avenue, N.W.
>Suite 600 South
>Washington, D.C.  20004
>Telephone: (202) 416-5820
>Facsimile:  (202) 416-6899
>rferrara@proskauer.com
>aashton@proskauer.com

17.     Counsel for the Federal Settling Parties are directed to promptly inform each other of any submission served on them (or that otherwise comes into their possession) pursuant to paragraphs 11 through 13 of this Order.

18.     ***Papers Submitted by Federal Settling Parties Regarding the Settlement*** – The Federal Settling Parties shall file with the Court (and serve on each other) any papers they wish to submit in support of the proposed settlement by no later than November 15, 2016.

8

The Federal Settling Parties shall file with the Court (and serve on each other as well as any Securities Holder that has made a submission pursuant to paragraphs 11 through 13 of this Order) any papers they wish to submit in opposition to any such submission filed by Securities Holders by no later than December 6, 2016.

19.     *Termination of Settlement Agreement* – This Order shall become null and void, and shall be without prejudice to the rights of the parties in this Federal Action or any other action (including the Connecticut State Action and the Delaware State Action), all of whom shall be restored (subject to Sections XII.D.9 and XIII.D.10 of the Settlement Agreement) to their respective positions existing immediately before this Court entered this Order, if (*i*) the proposed Settlement is not finally approved by the Court or the Court's approval does not become Final or (*ii*) the proposed Settlement is terminated in accordance with the terms of the Settlement Agreement or does not become effective as required by the terms of the Settlement Agreement for any other reason. In such event, the Settlement Agreement shall become null and void and of no further force and effect in accordance with its terms, and it shall not be used or referred to for any purpose whatsoever.

20.     *Use of Order* – This Order shall be of no force or effect if the proposed Settlement does not become Final. This Order shall not be construed or used as an admission, concession, or declaration by or against the Releasees of any fault, wrongdoing, breach or liability. Nor shall this Order be construed or used as an admission, concession or declaration by or against Derivative Plaintiffs or any other Securities Holders that their Claims lack merit or that the relief requested in the Derivative Complaint is inappropriate, improper or unavailable, or as a waiver by any party of any defenses or claims he, she or it might have.

21. ***Retention of Jurisdiction*** – Subject to the dispute-resolution provisions found at Section V.C of the Settlement Agreement, this Court retains exclusive jurisdiction over the Federal Action to consider all further matters arising out of or connected with the Settlement Agreement, including a determination whether the proposed Settlement should be approved as fair, reasonable and adequate and in the best interest of FSC and its shareholders, and to enter an Order so finding.

22. ***Adjournment of Fairness Hearing*** – The Court reserves the right to continue the Fairness Hearing without further written notice to Securities Holders or anyone else other than the Settling Parties.

So ordered this 20 day of SEPT, 2016.

/s/ Robert N. Chatigny
The Honorable Robert N. Chatigny
United States District Judge